Military fay; retired fay (disability); limitation of actions. — Plaintiff, a former officer of the United States Naval Deserve, released from active duty in 1946, and found by a Retiring Board in 1947 to be fit for active duty, sues to recover disability retired pay on the ground that the refusal of the Navy to grant him disability retirement, and the refusal of the Board for the Correction of Naval Records to correct his records, were arbitrary and capricious actions. Defendant took the position that plaintiff’s cause of action, if any, accrued either on July 30,1947, when the President approved the Retiring Board’s findings that plaintiff was not disqualified for active duty, or on June 21, 1951, when the Secretary of the Navy determined that plaintiff was not eligible for disability retirement following Physical Evaluation Board proceedings, and that plaintiff’s petition, filed April 2, 1958, was barred by the statute of limitations, 28 U.S.C. § 2501.
The case came before the court on the merits, having-been submitted on a report of Trial Commissioner Saul Richard Gamer, and the briefs and argument of counsel. On consideration thereof, the court on April 24,1964, ruled that under the decisions rendered in Lipp v. United States, 157 Ct. Cl. 197, and Friedman, Executrix v. United States, 159 Ct. Cl. 1, cert. denied May 27, 1963, in Lipp et al. v. United States, 373 U.S. 932, plaintiff’s claim is barred by limitations and the petition was dismissed.